# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>DIGITAL WORKS, INC., DIGITAL WORKS, SLC, DIGITAL DEPOT, INC., MEDIA FAST LLC, ULTRA ENTERTAINMENT, HIGH SPEED VIDEO, SAVVI MARKETING LLC, MY DISC FACTORY, XOCIALIZE, DISC COMPANY, PERSONAL-FX, PROACTION MEDIA, ALLEGRO MEDIA GROUP, VISUAL ENTERTAINMENT INC., CHRISTIAN RATH, TROY NIELSON, WILLIAM DIAZ, MARC CARAMADRE, THOMAS INGOGLIA, DUSTIN NIELSON, JEFF JOHNSON, and DOES 1 THROUGH 10,<br><br>Defendants. | Case No.: 2:13-cv-1341-JAD-NJK<br><br>**Order Denying [#56] Ultra Entertainment's Motion to Dismiss** |

On September 11, 2013, Defendant Ultra Entertainment filed a Motion to Dismiss. Doc. 56. The motion appears to have been filed by Ultra's representative and not by counsel; it does not appear that Ultra is represented by counsel. No response to the motion has been filed.

"It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (citation and quotation marks omitted, second modification in original);

*Rowland v. California Men's Unit II Advisory Council*, 506 U.S. 194, 202 (1993).  A court may sanction a fictional defendant by striking its answer and directing that a default be entered against that defendant when it fails to retain counsel to represent it in litigation.  *See Galtieri- Carlson v. Victoria M. Morton Enters., Inc.*, 2010 WL 3386473 (E.D.Cal. Aug. 26, 2010) (sanctioning corporate defendants by striking their answer when they failed to retain alternate counsel after the withdrawal of their original counsel); *Rojas v. Hawgs Seafood Bar, Inc.*, 2009 WL 1255538 (N.D. Cal. May 5, 2009) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it").  As the Motion to Dismiss was not filed by an attorney, it is a rogue document and shall be denied on that basis.

Ultra has also failed to include a memorandum of points and authorities in support of its motion and has therefore not complied with Local Rule 7-2(a).  Local Rule 7-2(d) states that "[t]he failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion."  Ultra has offered points but no authorities; indeed, the motion reads more like an answer than a motion to dismiss.  *See* Doc. 56.  Therefore, the motion is denied on this basis as well.

Accordingly, IT IS HEREBY ORDERED that Ultra Entertainment's Motion to Dismiss **[#56] is DENIED**;

IT IS FURTHER ORDERED that Defendant Ultra Entertainment shall have up through and including **December 31, 2013**, to retain counsel and have that counsel file an answer on its behalf.  **Ultra Entertainment is strongly cautioned that failure to retain counsel and have counsel file a proper answer on its behalf by this deadline may result in the entry of default and a potential default judgment entered against it.**

December 9, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE