# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION,

Plaintiff,

v.

DIGITAL WORKS, INC., DIGITAL WORKS, SLC, DIGITAL DEPOT, INC., MEDIA FAST LLC, ULTRA ENTERTAINMENT, HIGH SPEED VIDEO, SAVVI MARKETING LLC, MY DISC FACTORY, XOCIALIZE, DISC COMPANY, PERSONAL-FX, PROACTION MEDIA, ALLEGRO MEDIA GROUP, VISUAL ENTERTAINMENT INC., CHRISTIAN RATH, TROY NIELSON, WILLIAM DIAZ, MARC CARAMADRE, THOMAS INGOGLIA, DUSTIN NIELSON, JEFF JOHNSON, and DOES 1 THROUGH 10,

Defendant.

Case No.: 2:13-cv-01341-JAD-NJK

**Order Granting William Diaz's Motion to Dismiss for Lack of Personal Jurisdiction [#85]**

Defendant William Diaz, a Utah resident, moves to dismiss this patent infringement and breach of contract case against him for lack of personal jurisdiction.[1] Koninklijke Philips N.V. and U.S. Philips Corporation contend that Diaz's employment as the general manager at the Utah factory of Nevada entity Digital Works, Inc.; the representations on Nevada Secretary of State filings that Diaz is an officer of Digital Works; and Diaz's instrumental role in gearing Digital Works's operations up for a move to Nevada demonstrate his purposeful availment of the Nevada forum sufficient to allow this court to exercise specific personal jurisdiction over him. I disagree and grant Diaz's motion to dismiss the claims against him under FRCP 12(b)(2).

---

[1] Doc. 85.

**Background**[2]

Philips is a Dutch corporation with its principal place of business in Eindhoven, the Netherlands.[3] Philips contends that Digital Works and its related entities manufacture DVDs subject to license agreements that required Digital Works to report and pay royalties to Philips for each disc made and sold.[4] Philips alleges that Digital Works violated those agreements with operations in Salt Lake City, Utah, but "recently indicated it is closing its doors at the Salt Lake facility" and moving them to Las Vegas.[5] Philips further alleges that Digital Works "has claimed to be shutting its doors," but "it has merely transferred employees, customers, machinery, and other assets to" another entity in Las Vegas.[6] Philips sues Digital Works, its allegedly related entities, and several individuals whom Philips alleges to be officers, directors, and managers of these entities for patent infringement and breach of contract in the District of Nevada.

William Diaz is one of these individuals. Although Philips alleges that he resides in Utah but conducts business "or has conducted business" in Las Vegas,[7] Diaz challenges this court's exercise of personal jurisdiction over him on the argument that he lives and works exclusively in Utah and has no personal contacts with Nevada.[8] He attests that he was merely the general manager for Digital Works' Utah factory and was never an officer or owner of the company.[9] Philips contends that Diaz's employer's filings with the Nevada Secretary of State, Diaz's affidavit admitting he was a general manager of the Utah factory, and its allegation that Diaz was instrumental in getting

---

[2] This factual description is intended only for general background and is not intended as any finding of fact.

[3] Doc. 1 at 5.

[4] *Id*. at 3.

[5] *Id*. at 4.

[6] *Id*. at 4-5.

[7] Doc. 1 at 7.

[8] Doc. 85.

[9] Doc. 86 at ¶¶ 6-8.

1   Digital Works's operations ready to move from Utah to Nevada establish that Nevada has specific
2   jurisdiction over Diaz.[10]  Diaz disputes the authenticity of his signature and inclusion on Digital
3   Works' Secretary of State filing, concedes he as a general manager, and emphasizes that his work
4   was in Utah and that Philips has not suggested that he did anything in the moving process that
5   actually crossed state lines, or that suggests that Diaz ever entered Nevada or conducted any
6   activities within this state.

7   I heard oral argument on this motion on June 6, 2014, but I did not conduct an evidentiary
8   hearing regarding personal jurisdiction, thus "the plaintiff need only make a prima facie showing of
9   jurisdictional facts to withstand the motion to dismiss."[11]  Although "uncontroverted allegations" in
10  the complaint must be presumed true and all disputed facts resolved in favor of the plaintiff, "mere
11  'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by
12  specific factual allegations" are insufficient to make a prima facie case.[12]  Having considered the
13  parties' submissions and oral presentations under these standards, I find that plaintiffs have failed to
14  satisfy this threshold burden, and I grant Diaz's motion to dismiss for lack of personal jurisdiction.[13]

## Discussion

**A.   Establishing Specific Jurisdiction over an Extra-territorial Defendant**

17  The Due Process Clause of the Fourteenth Amendment limits a court's power to bind a non-
18  resident defendant to a judgment in the state in which it sits.[14]  As the Supreme Court explained in
19  the pathmarking *International Shoe* opinion, "Although a non-resident's physical presence within
20  the territorial jurisdiction of the court is not required," for the exercise of personal jurisdiction, "the
21  nonresident generally must have 'certain minimum contacts such that the maintenance of the suit

---

[10]   Doc. 94.

[11]   *Brayton Purcell, LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010).

[12]   *Swartz v. KPMG, LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

[13]   Doc. 85.

[14]   *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

does not offend 'traditional notions of fair play and substantial justice.'"[15]  "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there."[16]

The parties agree that specific, not general, personal jurisdiction is at issue here.  Specific (or case-linked) jurisdiction depends on an "activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."[17]   In *Walden v. Fiore*, the Supreme Court recently underscored the importance of a defendant's own, direct contacts with the forum state in the specific-jurisdiction analysis.  The High Court reversed a Ninth Circuit opinion finding that the Nevada District Court could exercise specific personal jurisdiction over a Georgia police officer who, while working as a deputized DEA agent at a Georgia airport, searched a Nevada-bound couple and seized almost $97,000 in cash representing legitimate gambling proceeds.[18]  The officer then drafted in Georgia what was alleged to be a false and fraudulent probable cause affidavit to support a potential forfeiture action for the seized funds.[19]

The Ninth Circuit sitting *en banc* found that Nevada could exercise personal jurisdiction over the Georgia officer for purposes of the couple's *Bivens* action against him by focusing on the officer's knowledge of the couple's "strong forum connections" and the "foreseeable harm" that the officer's conduct in Georgia would cause them in Nevada.[20]  "This approach to the 'minimum contacts' analysis," the High Court explained:

> impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis. [The officer's] actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections.  Such

---

[15]  *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (Feb. 25, 2014) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[16]  *World-Wide Volkswagen*, 444 U.S. at 297.

[17]  *Goodyear Dunlop Tires Oper. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

[18]  *Id*. at 1119.

[19]  *Id*. at 1124.

[20]  *Id*. (quoting *Fiore v. Walden*, 688 F.3d 558, 577-579, 581 (9th Cir. 2011)).

reasoning improperly attributes a plaintiff's forum connections to the defendant and makes those connections 'decisive' in the jurisdictional analysis. It also obscures the reality that none of [the officer's] challenged conduct had anything to do with Nevada itself.[21]

In sum, *Walden* emphasizes "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."[22]

### B. Plaintiffs Have Not Demonstrated Sufficient Minimum Contacts for this Court to Exercise Personal Jurisdiction over Diaz.

The contacts that plaintiffs identify between Diaz and Nevada are thin. They offer the fact that Diaz is listed on Digital Works, Inc.'s Nevada Secretary of State filing as an officer, but Diaz challenges that filing as fraudulent, attesting that he was merely a manager of Digital Works' Utah factory and never served as an officer or director.[23] Even if I were to presume the form's representation is true, Diaz's status as an officer of a Nevada corporation could not alone qualify as a sufficient minimum contact. "A person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person."[24] A corporate employee's "contacts with the forum state must be assessed individually."[25]

Plaintiffs also have not demonstrated that Diaz has had any contacts with Nevada; their jurisdictional basis is one of *potential future* contacts only: they argue that the allegations in their complaint establish that Diaz's company "began a plan to move DVD manufacturing operations from Utah to Nevada, under a new company name, while purporting to shut down Digital Works in Utah," and "as an ongoing manager and principal for Digital Works, [Diaz] assisted the Digital

---

[21] *Id*. at 1124-25 (internal citations omitted).

[22] *Id*. at 1126.

[23] Doc. 86 ¶ 8-9.

[24] *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989). Although the Nevada Supreme Court considered in *Consipio Holding v. Carlberg*, 282 P.3d 751, 755 (Nev. 2012), Nevada's ability to exercise personal jurisdiction over nonresident corporate officers and directors, *Consipio* stands for the limited proposition that "Officers or directors who directly harm a Nevada corporation are affirmatively directing conduct toward Nevada, and by doing so can be subject to personal jurisdiction" there. *Id*. at 756. *Consipio* has no application here because plaintiffs do not allege that Diaz is harming a Nevada corporation; they are foreign corporations.

[25] *Calder v. Jones*, 465 U.S. 783, 790 (1984).

Works Enterprises in the scheme to transfer corporate assets and manufacturing equipment from Utah to Nevada. . . ."[26] Plaintiffs stop short of claiming that Diaz ever crossed the line from Utah into Nevada; instead they contend that Diaz's conduct "was expressly aimed at Nevada, the forum state, and was intended to cause harm to Philips—the very harm of infringement that gives rise to Philips' complaint."[27] But *Walden* teaches that "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."[28] Plaintiff has not demonstrated that the work performed by Diaz personally was meaningfully connected to Nevada such that it is reasonable for him to "be haled into court" in Nevada "based on his own affiliation with the State. . . ."[29] Thus, plaintiffs have failed to establish either that Diaz personally availed himself of this forum or that their claims against him arise from or relate to any action by Diaz in Nevada, and his motion to dismiss must be granted.

**Conclusion**

Accordingly, it is **HEREBY ORDERED** that Defendant William Diaz's Motion to Dismiss for lack of personal jurisdiction [Doc. 85] is GRANTED; all claims against Defendant William Diaz are hereby dismissed for lack of personal jurisdiction.

DATED: August 4, 2014

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[26] Doc. 93 at 7-8.

[27] *Id*. at 8.

[28] *Walden*, 134 S. Ct. at 1125.

[29] *Id*. at 1123.